370 F.2d 571
 TECHNOGRAPH PRINTED CIRCUITS, LTD., and Technograph Printed Electronics, Inc.
v.
The UNITED STATES; The BENDIX CORPORATION and the Hewlett-Packard Company, Third-Party Defendants.
 No. 127-62.
 United States Court of Claims.
 December 16, 1966.
 
 Walter J. Blenko, Jr., Pittsburgh, Pa., attorney of record, for plaintiffs. Walter J. Blenko, Pittsburgh, Pa., and M. Victor Leventritt, Washington, D. C., of counsel.
 Michael W. Werth, Washington, D. C., with whom was Acting Asst. Atty. Gen. J. William Doolittle, for defendant.
 James L. O'Brien, Detroit, Mich., attorney of record for the third-party defendant, The Bendix Corporation.
 Jean C. Chognard, Palo Alto, Cal., attorney of record for the third-party defendant, The Hewlett-Packard Co. Flehr & Swain, San Francisco, Cal., of counsel.
 Before COWEN, Chief Judge, JONES, Senior Judge, LARAMORE, DAVIS and COLLINS, Judges.
 PER CURIAM.
 
 
 1
 This case was referred to Trial Commissioner Donald E. Lane, with directions to make findings of fact and recommendation for conclusions of law pursuant to Rule 54(b) as to the issues raised by the defendant's motion and as to the practice in the United States Patent Office in applying the Boykin Act. The commissioner has done so in a report filed January 14, 1966. The case has been submitted to the court on the briefs of the parties and oral argument of counsel. Since the court is in agreement with the opinion, findings, and recommendation of the commissioner, with a modification, it hereby adopts the same, as modified, as the basis for its judgment in this case, as hereinafter set forth. Therefore, defendant's motion for partial summary judgment is denied and the case is returned to the trial commissioner for proceedings on the merits.
 
 
 2
 Commissioner Lane's opinion,* as modified by the court, is as follows:
 
 
 3
 This patent case comes before the court on defendant's motion for summary judgment with respect to 4 of the 12 patents asserted in plaintiffs' petition. On May 18, 1964, the court denied without prejudice defendant's motion for partial summary judgment and referred the case to the trial commissioner to take evidence as to the issues raised by the motion and as to the practice in the United States Patent Office in applying the Boykin Act. Testimony was taken in November 1964 and in January 1965.
 
 
 4
 The defendant's motion for partial summary judgment is based upon its contention that patents 2,441,960, 2,706,697, 2,886,880, and 2,904,761 were issued under the Boykin Act, Public Law 690, 79th Cong. 2d Sess., 60 Stat. 940, which provides that no patent granted or validated by the Act shall in any way furnish a basis of claim against the United States. It is found that said patents were not issued under the Boykin Act and are not subject to the provisions thereof.
 
 
 5
 The Boykin Act, approved August 8, 1946, was enacted for the purpose of restoring, to a certain extent, priority rights which may have been lost as a result of the international communications difficulties existing during World War II. Under the then applicable statute, Revised Statute 4887 (Title 35 U.S.C. § 32, 1946 ed.), a person who had previously filed an application for patent in a foreign country within 1 year prior to the filing date of his application for a U. S. patent, could claim the benefit of the foreign filing date as his effective date of invention in the United States, provided the foreign country afforded similar privileges to citizens of the United States. The Boykin Act permitted a person who had filed application for a patent in a friendly foreign country during World War II to claim rights of priority of the foreign filing date as his date of invention in the United States, even though the foreign filing date was more than 1 year prior to the United States filing date. In return, the Act provided that the term of any patent issued thereunder would expire 20 years from the foreign filing date and that such patent could not be the basis of a claim against the United States Government for patent infringement. The Act specifically provided that if an applicant sought the extended rights of priority he must make written request, accompanied by a copy of his foreign application, to the United States Patent Office during the pendency of the U. S. application.
 
 
 6
 The Patent Office promulgated a procedure for processing applications requesting extended priority rights under the Boykin Act. The procedure provided that the patent examiner upon the receipt of the priority request was to acknowledge the request if all the proper papers had been filed. If the patent examiner found the claims allowable, he was to proceed and examine the foreign application to determine whether the claimed invention was disclosed in the foreign application, before granting rights of priority based on the filing date of the foreign application. The procedure set forth that a supervisory examiner must approve the action granting the extended rights of priority and must approve any action withdrawing previously granted priority rights. A label was to be placed on the outside of the application file setting forth that the application had been given the benefit of the Boykin Act based upon a foreign application and that the term of the patent grant terminated 20 years from the date of the foreign filing date.
 
 
 7
 The four patents involved in the present motion resulted from an application filed in this country on February 3, 1944. The patent application serial numbers and filing dates are set forth in the following table:
 
 
 8
 Appln. 520,991 .................................... Patent 2,441,960
 2-3-44 5-25-48
 |
 | .... Division 11,798 ......................... Patent 2,587,568
 | 2-27-48 2-26-52
 | | (not in suit)
 | | .... Division 261,989 ............... Patent 2,706,697
 | | 12-17-51 4-19-55
 | |
 | | .... Division 261,990 ............... Patent 2,904,761
 | 12-17-51 9-15-59
 |
 | .... Division 11,796 ......................... Abandoned
 2-27-48

 .... Division 290,106 ................. Patent 2,886,880
 5-26-52 5-19-59
 
 
 Patent 2,441,960
 
 
 9
 The application resulting in the '960 patent noted that the inventor had filed three earlier applications in Great Britain concerning the same subject matter on February 2, 1943, April 3, 1943, and August 16, 1943, respectively. In July 1944, the patent examiner required the inventor to restrict his application to one invention. Shortly after the Boykin Act was passed in 1946, the inventor filed a specific request for benefits under the Act. The patent examiner did not acknowledge the request and took no action to determine if this application was entitled to priority rights under the Act. The application resulted in the '960 patent. The '960 patent grant did not mention the Act nor does it state that the patent term is other than the normal 17-year period. The '960 patent does carry the phrase "In Great Britain February 2, 1943."
 
 
 10
 Defendant contends that if the inventor fulfilled all the requirements under the Boykin Act and the printed patent in its headnote recites the first filed British application, it indicates that the patent '960 was given the right of priority under the Boykin Act. The crucial step in determining whether a patent application is entitled to priority rights in view of a foreign application is for the patent examiner to make a positive determination that the foreign application discloses the invention claimed in the application for patent in this country. There is no evidence in the record that the patent examiner made the determination. The record is also void of any action by the supervisory examiner concerning the right of priority under the Boykin Act. The file jacket does not have a Boykin Act label pasted thereon nor does the patent heading mention the Boykin Act or that the term of the patent is other than the normal statutory grant. It is concluded that patent '960 was not issued under the Boykin Act and is not subject to the provisions thereof.
 
 
 11
 In divisional application 11,798, the patent examiner acknowledged a request for Boykin Act benefits, required restriction to one invention, and in January 1952, wrote that the application was entitled to the foreign filing date, February 2, 1943. This 11,798 application issued as patent 2,587,568, not here in suit, but bearing the caption "Section 1, Public Law 690, August 8, 1946." The '568 patent not here in suit was definitely granted under the Boykin Act.
 
 
 Patent 2,706,697
 
 
 12
 The application resulting in the '697 patent shows that the inventor in May 1953 specifically requested priority rights under the Boykin Act. In February 1954, the patent examiner acknowledged the request and in January 1955 notified the inventor that this applicant was entitled to the date of his application filed in Great Britain April 3, 1943. A Boykin Act label was then affixed to the U. S. application file. In February 1955, the inventor asked that his request for priority rights be withdrawn since the British date April 3, 1943, was not more than 1 year before the filing date, February 3, 1944, of the parent application in this country. The patent examiner found that the British application filed February 2, 1943, failed to include the subject matter claimed in this U. S. application and thereafter, with the supervisory examiner's approval, withdrew the inventor's request and crossed out the Boykin Act label on the face of the application file.
 
 
 13
 The heading of the '697 patent makes no mention of the Boykin Act and does not indicate that this patent was granted for other than the normal 17-year term. It is concluded that patent '697 was not issued under the Boykin Act and is not subject to the provisions thereof.
 
 
 Patent 2,904,761
 
 
 14
 The application resulting in the '761 patent shows that the inventor requested priority rights under the Boykin Act. In October 1954, the patent examiner acknowledged said request. In August 1958, the inventor asked that his request for priority rights be withdrawn stating that the February 2, 1943, British application did not disclose the invention claimed in this U. S. application. In January 1959, the patent examiner noted the withdrawal. There is no Boykin Act label on the face of this application file. The '761 patent as issued bears no reference to the Boykin Act and carries no indication that the patent was granted for other than a normal 17-year term. It is concluded that patent '761 was not issued under the Boykin Act and is not subject to the provisions thereof.
 
 
 15
 Defendant contends that since the '697 patent and the '761 patent derived from divisional applications of the application S.N. 11,798 (issued as '568 patent) and that since the '568 patent specifically issued under the provisions of the Boykin Act, then patents '697 and '761 must also be considered as issuing under the provisions of the Boykin Act. Such contention misconceives the basic nature of a patent and the effect thereon of the rights of priority of the invention claimed therein. The fundamental question is: What is the date to which the claimed invention is entitled? Unless otherwise shown by the applicant, the date of invention is the filing date of the U. S. application claiming the invention. If an application disclosure contains more than one invention made by the applicant, then the Patent Office generally requires the applicant to restrict the claims to one of the inventions.
 
 
 16
 The patent laws provide that if an applicant files additional patent applications claiming the other inventions disclosed but not claimed in his original patent application, while the original application is pending before the Patent Office, then the claimed inventions in the additional applications are entitled to the filing date of the original application as the date of invention. The additional applications are termed divisional applications. For example, if an original application A discloses three inventions and the patent examiner requires that the claims be restricted to one of the inventions disclosed therein, then the applicant may properly file divisional applications B and C, each claiming one of the remaining inventions. The inventions claimed in applications B and C can rely on the filing dates of the original applications as their dates of invention, provided applications B and C specifically refer to application A. If the applicant fails to file divisional applications claiming the inventions disclosed but not claimed in application A, during the pendency of application A before the Patent Office, then the nonclaimed inventions are dedicated to the public.
 
 
 17
 The patent laws also provide that an inventor, who has filed an application for a patent in certain foreign countries within 1 year prior to the filing date of his application for a patent in this country, may claim the date of the foreign filing as the effective date of his invention, provided that the invention claimed in his application in this country is disclosed in his foreign application. If the claimed invention of the original application is disclosed in a previously filed foreign application, it does not automatically mean that the invention claimed in a divisional application in this country was also disclosed in the foreign application. The fact that the claimed invention of the original application is entitled to rights of priority does not mean that an invention claimed in a divisional application is also entitled to the same rights of priority.
 
 
 18
 The patent examiner made a positive finding that the invention claimed in the '568 patent was disclosed in the February 2, 1943, British application and issued the '568 patent specifically under the Boykin Act. The patent examiner found that the invention claimed in the divisional application that matured into the '697 patent was not disclosed in the February 2, 1943, British application, but was instead disclosed in the April 3, 1943, application. The application for the '697 patent did not require the benefits of the Boykin Act. The patent examiner thereupon withdrew the application from being one under the provisions of the Boykin Act. Concerning the '761 patent, the patent examiner made no determination that the invention claimed therein was disclosed in the February 2, 1943, British application.
 
 
 19
 Defendant also contends that it has a nonexclusive royalty-free license under the '697 patent because it was determined by the patent examiner that the application was entitled to the rights of priority under the Boykin Act and that the subsequent withdrawal of the request, with the approval of the patent examiner, could not revoke the license given the defendant. The Boykin Act provides: "That no patent granted or validated by reason of any such extension [in rights of priority] shall in any way furnish a basis against the Government of the United States." Neither patent '697 nor '761 was granted with any rights of priority under the Boykin Act. Defendant acquired no express or implied license under either the '697 or the '761 patent. For similar reasons, defendant errs in asserting that it acquired a license to use all inventions disclosed in the specification of the '568 patent (issued under the Boykin Act), including the claims later made in the '697 and '761 patents. The Boykin Act does not extend to inventions which may be disclosed in a patent issued under that Act, but which are not claimed therein.
 
 
 Patent 2,886,880
 
 
 20
 The application resulting in the '880 patent shows that the inventor specifically requested priority rights under the Boykin Act. The inventor had previously requested priority rights in the parent application S.N. 11,796, and the patent examiner granted that request but the inventor abandoned said application after the United States Court of Customs and Patent Appeals upheld the patent examiner's rejection of claims as not being patentably distinct from the claims in the '960 patent. In the application resulting in the '880 patent the patent examiner never acknowledged the inventor's request for Boykin Act priority benefits, and in August 1953 the inventor specifically withdrew the request. The heading of the '880 patent bears no reference to the Boykin Act and carries no indication that this patent was granted for other than a normal 17-year term. It is concluded that patent '880 was not issued under the Boykin Act and is not subject to the provisions thereof.
 
 
 21
 The defendant asserts that since patent '880 derived from a divisional application of application S.N. 11,796 (now abandoned) which was afforded the priority date of February 2, 1943, under the Boykin Act, then the '880 patent must be considered as issuing under the Boykin Act. The Patent Office found that the invention claimed in application S.N. 11,796 was disclosed in the February 2, 1943, British application and therefore entitled to the rights of priority under the Boykin Act. The Patent Office did not make a determination of whether the claimed invention in the '880 patent was disclosed in said British application and therefore could not have issued the '880 patent under the Boykin Act.
 
 
 22
 Summarizing, it is found that patents 2,441,960, 2,706,697, 2,886,880, and 2,904,761 were not issued under the Boykin Act and are not subject to the provisions thereof.
 
 
 23
 It is my conclusion and recommendation that defendant's motion for partial summary judgment be denied by the court and that this case be returned to the commissioner for proceedings on the merits.
 
 
 
 Notes:
 
 
 *
 The opinion, findings of fact, and recommended conclusion of law are submitted pursuant to order of the court under Rule 54(b)