TECHNOGRAPH PRINTED CIRCUITS, LTD., and Technograph Printed Electronics, Inc.

v.

The UNITED STATES.

No. 127–62.

United States Court of Claims.

Oct. 17, 1973.

Sidney Bender, Washington, D. C., attorney of record, for plaintiffs. Aaron Lewittes, Leventritt Lewittes & Bender, New York City, of counsel.

Michael W. Werth, Washington, D. C., with whom was Acting Atty. Gen. Irving Jaffe, for defendant.

Before COWEN, Chief Judge, LARAMORE and DURFEE, Senior Judges, and DAVIS, SKELTON, and NICHOLS, Judges.

OPINION

PER CURIAM:

This is a patent suit under 28 U.S.C. § 1498, involving U.S. Patent 2,706,697. After denial of defendant's pre-trial motions for summary judgment (Technograph Printed Circuits, Ltd. v. United States, 370 F.2d 571, 177 Ct.Cl. 919 (1966); id., 372 F.2d 969, 178 Ct.Cl. 543 (1967)), the case went to trial on the issue of validity before former Trial Judge James F. Davis. In a decision filed March 2, 1970 (including opinion, findings and recommended conclusion of law), he concluded that the disputed claims of patent '697 are invalid for obviousness under 35 U.S.C. § 103. 164 U.S.P.Q. 584. Plaintiff excepted to this decision, briefs were filed, and oral argument was had before the court in December 1970.

Before a decision was rendered, the Supreme Court handed down, on May 3, 1971, its ruling in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788. Very shortly thereafter, we asked for the filing of additional briefs on the applicability of that decision to this case since there had been a previous holding of invalidity with respect to patent '697 in Technograph Printed Circuits, Ltd. v. Bendix Aviation Corp., 218 F.Supp. 1 (D.Md. 1963), aff'd per curiam, 327 F.2d 497 (4th Cir.), cert. denied, 379 U.S. 826, 85 S.Ct. 53, 13 L.Ed.2d 36 (1964). Such briefs were filed by both sides.

We have held the case pending decisions in the Fourth and Seventh Circuits (in litigation by plaintiffs against private parties) on precisely the same Blonder-Tongue issue with respect to patent '697 and the impact of Bendix Aviation Corp., supra. Decisions have now been rendered in both circuits at the trial and appellate levels. These rulings are adverse to plaintiffs, holding that under Blonder-Tongue the plaintiffs are estopped by Bendix from contesting the validity of the relevant claims of patent '697. In the Fourth Circuit, Judge Watkins so ruled (in March 1972) in the District Court for the District of Maryland. Technograph Printed Circuits, Ltd. v. Martin-Marietta Corp., 340 F. Supp. 423. This was affirmed by the Court of Appeals in February 1973. Technograph Printed Circuits, Ltd. v.

Martin-Marietta Corp., 474 F.2d 798. (4th Cir.). In the Seventh Circuit, Judge Will made the same ruling (in May 1972) in the Northern District of Illinois. Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc., 174 U.S.P.Q. 297. This decision was recently affirmed (on August 27, 1973) by the Court of Appeals. Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc., 484 F.2d 905 (7th Cir.)

We have considered the extensive briefs and written arguments of the parties on the *Blonder-Tongue* question,[1] and the opinions of Judges Watkins and Will and of the Courts of Appeals for the Fourth and Seventh Circuits. We agree fully with the holdings that under *Blonder-Tongue* plaintiffs are estopped by the *Bendix* decision. Plaintiffs make the same arguments before us as were made in the Fourth and Seventh Circuit litigations. There is no need for further briefing or for oral argument, and it would be needless repetition for us to spread out again the persuasive reasons given in the opinions filed in the other courts. On the basis of those opinions, we hold plaintiffs estopped from contesting the invalidity of all the claims of patent '697 which are in issue. It follows that there can be no recovery under patent '697 and the petition with respect thereto is dismissed.

Trial Judge Davis' opinion, in footnote 1, states that at that time there was still in issue another patent, No. 2,662,957, and that the parties had agreed to defer trial on the '957 patent until this court's ruling on patent '697. If plaintiffs still wish to proceed in this court on patent '957, they should so inform the court within thirty (30) days of this date. If such notification is given, the case will be remanded to a trial judge for further appropriate proceedings with respect to patent '957; otherwise the petition will also be dismissed as to that patent.

1. After the decision of the Fourth Circuit, plaintiffs filed an additional paper challenging that decision.